UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIMA ALIAHMAD,

    Plaintiff,

v.

US BANK NATIONAL ASSOCIATION, AS
SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NATIONAL ASSOCIATION
(successor by merger to LaSalle Bank
National Association), as Trustee for
Morgan Stanley Mortgage Loan Trust 2007-
7AX,

    Defendant.
_____/

Case No. 12-11844

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT [7] AND
CANCELLING HEARING SCHEDULED FOR JULY 11, 2012**

    Plaintiff's suit arises out of foreclosure proceedings on residential property located at 711 Lake Shore Road, Grosse Pointe Shores, Michigan ("Grosse Pointe Shores property"). On September 21, 2011, the Wayne County Sheriff conducted a foreclosure sale on the Grosse Pointe Shores property, and Defendant ("US Bank") was the purchaser for $1,429,132.91. Plaintiff filed this lawsuit in state court on March 20, 2012, one day before Michigan's six month redemption period expired. Plaintiff's complaint asserts a quiet title claim and seeks a declaration that Plaintiff's rights to the property are superior to those of Defendant US Bank, N.A., as successor trustee to Bank of America, N.A. ("US Bank"). Plaintiff also seeks a permanent injunction barring Defendant from foreclosing on Plaintiff's property. Defendant subsequently removed this matter here, based on diversity

jurisdiction, and its motion to dismiss and/or for summary judgment is currently pending before this Court.

This matter is now before the Court on Plaintiff's motion seeking leave to file an amended complaint that adds two new claims: (1) that Defendant violated Mich. Comp. Laws § 600.3252, by wrongfully claiming the amount of indebtedness Plaintiff owed on the date of the foreclosure sale and retaining a surplus from the amount paid for the Grosse Pointe Shores property at that sheriff's sale; and (2) for an accounting in order to ascertain the correct amount of indebtedness owed by Plaintiff on the mortgage loan on September 21, 2011, the date of the sheriff's sale.

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Plaintiff's motion [7] be resolved as submitted, and the hearing previously scheduled for Plaintiff's motion on July 11, 2012 is hereby CANCELLED.

For the reasons stated below, Plaintiff's motion for leave to file an amended complaint [7] is DENIED.

**I.   Facts**

Plaintiff's original complaint alleges that she executed a mortgage and mortgage note on December 5, 2005 with Fieldstone Mortgage Company in the face amount of $1,000,000 with MERS as the named mortgage. That mortgage was recorded. (Compl. at ¶ 6.) MERS then assigned the mortgage to Bank of America on January 21, 2009, and that assignment was recorded. (Compl. at ¶ 7.) On September 21, 2011, the Wayne County Sheriff conducted a foreclosure sale where Defendant US Bank was the purchaser of the

Grosse Pointe Shores property.

**II. Analysis**

Leave to amend is freely granted where justice so requires. *See* Fed. R. Civ. P. 15(a)(2). However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962).

Defendant argues here that Plaintiffs' proposed amendments would be futile because Plaintiff's proposed amended complaint lacks factual allegations to support her conclusory allegations that the amount of indebtedness owed at the time of the sheriff's sale was less that what Defendant US Bank paid and that Defendant wrongfully retained an unspecified surplus amount. This Court agrees with Defendant. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, ___ U.S. ___, 127 S. Ct. 1995, 1964-65 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint

3

is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1950 (internal quotation marks and citation omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Id.* at 1949 (internal quotation marks and citation omitted).

Plaintiff's proposed amended complaint is attached to her motion.  In support of her claims alleging a violation of Mich. Comp. Laws § 600.3252 and seeking an accounting, Plaintiff makes the following conclusory allegations:

> 26.   US Bank wrongfully and unlawfully claimed at the Sheriff's sale that the amount of indebtedness due on the Property is One Million Four Hundred Twenty-Nine Thousand One Hundred Thirty-two and 91/l00 Dollars ($1,429,132.91).
>
> 27.   Upon information and belief, the amount of indebtedness on the Property is less than One Million Four Hundred Twenty-Nine Thousand One Hundred Thirty-two and 91/100 Dollars ($1,429,132.91).
>
> 28.   Defendant US Bank wrongfully and unlawfully retained the surplus amount paid on the Property and has been the beneficiary of the interest generated from the surplus mortgage sale proceeds.
>
> 29.   Therefore, Plaintiff is entitled to the surplus amount that the Bank unlawfully retained pursuant to MCL § 600.3252, and Plaintiff is entitled to damages in an amount that will fairly and fully compensate her, including costs, interest and attorney fees.

(Pl.'s Mot., Ex. 1, Proposed Am. Compl.)  The same conclusory allegations in Paragraphs 26 and 27 are restated under proposed Count IV in Paragraphs 34 and 35.  In Paragraph

36, Plaintiff alleges that "Plaintiff is entitled to an accounting in order to ascertain the correct amount of indebtedness owed, if any." (*Id.*)

There are no factual allegations supporting Plaintiff's claim that, in violation of Mich. Comp. Laws § 600.3252,[1] the amount Defendant paid for the Grosse Pointe Shores property resulted in "any surplus money after satisfying the mortgage on which the real estate was sold, and payment of the costs and expenses of the foreclosure and sale. . . ." *Id.* Likewise, there are no factual allegations supporting Plaintiff's claim that Defendant inaccurately stated the amount of indebtedness owed at the time of the September 21, 2011 sheriff's sale in support of her request for an accounting. Plaintiff alleges no facts concerning what the indebtedness should have been at the time of the sheriff's sale. Because the factual allegations in Plaintiff's proposed amended complaint are insufficient to state a violation under Mich. Comp. Laws § 600.3252 or for an accounting, they would not survive a Rule 12(b)(6) motion to dismiss and are thus futile.

### III.  Conclusion

Because Plaintiff's proposed amendments would be futile, her motion for leave to file

---

[1]Mich. Comp. Laws § 600.3252 provides in pertinent part that:

> If after any sale of real estate, . . . , there shall remain in the hands of the officer or other person making the sale, any surplus money after satisfying the mortgage on which the real estate was sold, and payment of the costs and expenses of the foreclosure and sale, the surplus shall be paid over by the officer or other person <u>on demand</u>, to the mortgagor, his legal representatives or assigns, unless at the time of the sale, or before the surplus shall be so paid over, some claimant or claimants, shall file with the person so making the sale, a claim or claims, in writing, . . . that the claimant has a subsequent mortgage or lien encumbering the real estate . . . and stating the amount thereof unpaid, setting forth the facts and nature of the same . . . .

an amended complaint is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager