UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIMA ALIAHMAD,

       Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,
as successor Trustee to Bank of America,
National Association (successor by merger to
LaSalle Bank National Association), as Trustee
for Morgan Stanley Mortgage Loan Trust 2007-7AX,

       Defendant.

_____/

Case No. 12-cv-11844

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [3] AND CANCELLING HEARING SCHEDULED FOR AUGUST 29, 2012**

Plaintiff filed an action on March 20, 2012 in state court agains t Defendant US Bank National Association, as successor Tr ustee of Bank of America, National Association (successor by merger to LaSalle Bank National Association), as Trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX ("U S Bank"), seeking to quiet title and obtain declaratory and injunctiv e relief in connection with the foreclosure sale of Plaintiff's real proper ty located at 711 Lake Shore Road, Grosse Pointe Shores, Michigan. Defendant timely removed this action to this Court.

This matter comes before the court on Defendant US Bank's motion to dismiss or for summary judgment. The Court finds t hat the facts and le gal arguments are adequately presented in the part ies' pleadings and that the decision process would not

be significantly aided by or al argument. Therefore, purs uant to Eastern District of Michigan Local Rule 7.1(f)(2), it is her eby ORDERED that Defendant's motion to dismiss be resolved as subm itted, and the hearing previous ly scheduled for August 29, 2012 on Defendant's motion is hereby CANCELLED.

For the reasons stated below, this Court GRANTS Defendant's motion to dismiss or for summary judgment.

## I.    Facts

### A. December 2006 – Plaintiff Executes Mortgage and Note

On December 5, 2006, Plaintiff Rima Al iahmad executed a promissory note to finance the purchase of real property locat ed at 711 Lake Sh ore Road, Grosse Pointe Shores, Michigan 48236 (the "Property") in the amount of $1,000,000 (the "Note"). The lender was Fieldstone Mortgage Company ("F ieldstone" or "Le nder"). (Compl., ¶2-3; Def.'s Mot. Dismiss, Ex. 1, No te.) Plaintiff executed and delivered the m ortgage to Mortgage Registration Systems, Inc. ("MERS"), nominee for the Lender and mortgagee. The mortgage was r ecorded on December 14, 2006. (Def.'s Mot., Ex . 2, Mortgage.) Plaintiff was notified on July 24, 2007 that America's Servicing Company ("ASC") would be servicing her loan. (Def.'s Mot., Ex. 4, ASC Welcome Ltr.)

### B. Assignment

On January 21, 2009, MERS assigned the mortgage on the Lake Shore property to Bank of America National Association (successor by merger to LaSalle Bank National Association), as Trustee for the Morgan Stanley Mort gage Loan Trust 2007-7AX (the

2

"Assignment").[1] (Pl.'s Resp., Ex . B, Assignment  of Mortgage; Def.'s Mot., Ex   . 3, Assignment.) That assignment was recorded on January 29, 2009.

### C. February 2011 –Plaintiff's Default on Mortgage Note

On  February 3, 2011, Trott and Trott, th    e  mortgage loan servicer's counsel, notified Plaintiff that she wa s in default on her mo rtgage loan and that it could be cured on or before March 5, 2011. (Def.'s Mot., Ex. 5, Notice of Default.) The notice included a detailed breakdown of the to tal indebtedness on the property  which was $1,361,317.11 at that time. (*Id.*) Plaintiff failed to cure the default within that period.

### D. March 2011 – Notice to Plaintiff of Foreclosure and Published Notices of Foreclosure Sale

On March 23, 2011, t he mortgage loan ser vicer's counsel notified  Plaintiff again that she was in default on her mortgage     loan  and that the outstanding balance wa  s $1,370,160.90. (Def.'s Mot., Ex. 6, Mar. 23,    2011 Ltr.) Plaintiff was informed that she could attempt to work out a loan modification arrangement to avoid foreclosure within 14 days of the notice, but  she failed to do so . Consequently, the mort gage loan servicer's counsel  initiated foreclosure by   advertisement  proceedings under Mich. Comp. Laws § 600.3201  et. seq. The mortgage loan servic     er's  counsel notified Plaintiff through published  advertisements of  the  amount of  indebtedness  owed on the mor tgage, the length of the redempti on period, and that the  property would be fore closed by a sale of the  mortgaged premis es. (Def.'s Mot., Ex. 7, Affidavits of   Publication.) On March 24, April 22, April 29, May 13, 2011, the mort gage loan servicer's counsel published notices

---

[1] US Bank subsequently became successor Trustee for the Morgan Stanley Mortgage Loan Trust 2007-7AX.

of the foreclosure sale in the Detroit Legal News and on April 29, 2011 also affixed a notice of the sale on the property. (*Id.*)

### E. Lake Shore Property Sold at Sheriff's Sale to US Bank

On September 21, 2011, US Bank purchased Plaintiff's mortgage at the Wayne County Sheriff's Sale for $1,429,132.91. (Compl. ¶13-14; Def.'s Mot., Ex. 7, Sheriff's Sale.) The last day on which Plaintiff could redeem the property was March 21, 2012 at the price of $1,429,132.91 plus interest and any additional amounts that may be added pursuant to Mich. Comp. Laws § 600.3240(4). (Def.'s Mot., Ex. 7, Sheriff's Sale.) Plaintiff failed to redeem the property by the close of the redemption period.

Plaintiff filed this lawsuit on March 20, 2012, one day before the six-month redemption period expired. Plaintiff seeks a declaration that her rights to the property are superior to those of Defendant US Bank. Plaintiff also seeks a permanent injunction barring Defendant from foreclosing on the property. Specifically, Plaintiff contends that US Bank had no right to foreclose under Mich. Comp. Laws § 600.3204(3) because it was not the mortgagee or holder of the note as evidenced by the chain of title. (Compl. at ¶¶9, 10, 11; Pl.'s Resp., at 3.)

## II.   Standards of Review

### A. Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule

4

12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will… be a context specific task that requires the reviewing court to draw on its judicial expertise and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief. *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can provide the framework for a complaint, they must be supported by factual allegations. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing and ruling upon a motion to dismiss, a court may look to documents that are "not formally inco rporated by reference or atta ched to a complaint," if the "document is referred to in the complaint      and is central to the plaintiff's claims." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6 th Cir. 19 99) (citation omitted). A court's consider ation of these documents does not convert the motion to dismiss into a motion for summary judgment. *Id.* (citation omitted).

### B. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as t o any mat erial fact and the movant is entitled to jud gment as a matter of law." Fed. R. Civ. P. 56(a).      A moving party may me et that burden "by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the nonmoving party's case."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party as serting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of ma terials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials ci ted do not establish the absence or presence of a genuine dis pute, or that an adverse party cannot produc e admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). T he revised Rule also provides the consequences of failing t o properly support or address a fact:

> If a party fails to properly suppor t an assertion of fact or fails to properly address another party's assertion of fa ct as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;

6

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the    motion  and supporting materials –
including  the facts considered undisp   uted  – show t  hat  the movant is
entitled to it; or

(4) issue any other appropriate order.

Fed.  R. Civ. P. 56(e). "The    court  need consider only   the ci ted  materials, but it may

consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has  met its burden under Rule 56,  "its opponent must do

more than simply show that there is some me taphysical doubt as to the material facts."

*Matsushita  Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)   .

Ultimately  a district court   must  determine whether the re  cord  as a whole presents a

genuine  issue of material fact,   *id.* at 587, drawing "all justifi able inferences in the light

most favorable to the non-moving party."   *Hager v. Pike County Bd. Of Education*, 286

F.3d 366, 370 (6th Cir. 2002).

## III.   Analysis

### A. Plaintiff Cannot State a Claim for Quiet Title, Declaratory, or Injunctive Relief.

Plaintiff requests a court order reversing th e foreclosure sale, quieting title to the

Lake Shore property, and a per manent injunction precluding Defendant from taking any

further action against the property   after it has been restored to her. Plaintiff, however,

fails to state a claim for the relief she see  ks. It is well estab lished under Michigan la w

that "once the redempt ion period following foreclosure of  a property has expired -- the

former owner's rights in and title to the property are extinguished." *Luster v. Mortg. Elec.

Registration Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967,  at *2 (E.D. Mich. Jan. 17,

2012)  (Rosen, C.J.) (citing cases). Because       Plaintiff  failed to timely exercise her

7

redemption rights, she cannot now collater ally attack any aspect of the foreclosure or the sheriff's sale. *See Overton v. Mortg. Elec. Registration Sys., Inc.,* No. 284950, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009) . That Plaintiff filed her lawsuit a da y before Michigan's six month redemption period expired does not toll her claims. *See id.*

Once the statutory redempt ion period expires, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by adver tisement and posting of notice in the absence of a clear s howing of fraud, or irregularity." *Luster,* 2012 WL 124967 at *2 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969) ). As the Michigan Court of Appeals obs erved in *Whitfield v. OCWEN Berkeley Fed. Bank & Trust,* No. 221248, 2001 WL 1699782, at *2 (Mich .Ct.App. Dec. 28, 2001), "the type of fraud sufficient to set aside a foreclosure s ale must generally relate to the foreclosure procedure or sale itself." Plaintiff alleges no facts and presents no evidence showing fraud in c onnection with the mor tgage loan serv icer's foreclosure by a dvertisement or the sheriff's sale. Rather, Plaintiff challenges an assignment to which she is not a party.

**B. Plaintiff Lacks Standing to Challenge the Assignment.**

It is undis puted that Plaintiff is not a party to the MERS assignment she challenges or that she owes the underlying mortgage loan obligation. Given that Plaintiff cannot establish any risk of hav ing to pay t he same debt twice, it is well-established under Michigan law that Plaintiff lacks standing to challenge the v alidity of an assignment which she is not a party. *See Yunanova v. BAC Home Loans Serv., LP*, No. 2:10-cv-14156, 2012 WL 441161, at *4 (E .D. Mich. Feb. 10, 2012) (citing cases and

8

observing that "Plaintiff, as a non-party to the assignment[ ] in question lacks standing to challenge such assignment[ ] as a basis of invalidating [the defendant]'s foreclosure.").

Plaintiff mistakenly identifies US Bank as the foreclosing entity when in fact ASC, the mortgage loan servicer, foreclosed on t he mortgage. (Def.'s Mot., Ex. 6, Mar. 23, 2011 Ltr.) In *Residential Funding Co. v. Saurman*, 490 Mich. 909, 909 (Mich. 2011), the Supreme Court clarified that the Legi slature's use of the phrase "interest in the indebtedness" "indicate[d] the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who . . . act as the servicing agent of the mortgage." Moreover, despite Plaintiff's claims to the contrary, there is no defect in the record chain of title that precludes the mortgage loan servicer from pursing foreclosure by advertisement under Mic higan law. *See* Section 600.3204(1)(d). Publically recorded documents provided by both parties est ablish that MERS assigned Plaintiff's mortgage to the Trustee for the Morgan Stanley Mo rtgage Loan Trust 2007-7AX. That Trustee is currently US Bank. (Def.'s Mot., Ex. 3, Assignment.) Thus, a clear record chain of title exists for the mo rtgage and ASC, the mortgage loan ser vicer, was entitled to initiate for eclosure by adver tisement on Plaintiff's m ortgage because the statutory requirements were satisfied.

Furthermore, there is no statutory require ment to foreclosure by advertisement that the original note or t he so called "wet-ink" mortgage be presented. Mich. Comp. Laws § 600.3204. *See Jozlin v. U.S. Bank Nat. Ass'n*, No. 11-12749, 2012 WL 12760, at *3 (E.D. Mich. Jan. 4, 2012) (obser ving that "the statut e does not require a presentation of the original note or a 'wet ink' mo rtgage"). It is well s ettled under Michigan law that the holder of the mortgage and the ho lder of the debt need not be the

9

same entity. *Saurman*, 805 N.W.2d at 184 ("It has nev     er been necess ary that the mortgage should be given direc tly to the b eneficiaries…[T]he trust and the benefic ial interest need not be in the same hands." (internal quotations omitted)).

## IV. Conclusion

For the above stated reasons, Defendant's motion to dismiss is GRANTED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  August 24, 2012

I hereby certify that a copy of the fo     regoing document was s erved upon counsel of record on August 24, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager