UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIMA ALIAHMAD,

    Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,
as successor Trustee to Bank of America,
National Association (successor by merger to
LaSalle Bank National Association), as Trustee
for Morgan Stanley Mortgage Loan Trust 2007-7AX,

    Defendant.

Case No. 12-cv-11844

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [3] AND CANCELLING HEARING SCHEDULED FOR AUGUST 29, 2012**

    Plaintiff filed an action on March 20, 2012 in state court against Defendant US Bank National Association, as successor Trustee of Bank of America, National Association (successor by merger to LaSalle Bank National Association), as Trustee for Morgan Stanley Mortgage Loan Trust 2007-7AX ("US Bank"), seeking to quiet title and obtain declaratory and injunctive relief in connection with the foreclosure sale of Plaintiff's real property located at 711 Lake Shore Road, Grosse Pointe Shores, Michigan. Defendant timely removed this action to this Court.

    This matter comes before the court on Defendant US Bank's motion to dismiss or for summary judgment. The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not

1

be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendant's motion to dismiss be resolved as submitted, and the hearing previously scheduled for August 29, 2012 on Defendant's motion is hereby CANCELLED.

For the reasons stated below, this Court GRANTS Defendant's motion to dismiss or for summary judgment.

## I. Facts

### A. December 2006 – Plaintiff Executes Mortgage and Note

On December 5, 2006, Plaintiff Rima Aliahmad executed a promissory note to finance the purchase of real property located at 711 Lake Shore Road, Grosse Pointe Shores, Michigan 48236 (the "Property") in the amount of $1,000,000 (the "Note"). The lender was Fieldstone Mortgage Company ("Fieldstone" or "Lender"). (Compl., ¶2-3; Def.'s Mot. Dismiss, Ex. 1, Note.) Plaintiff executed and delivered the mortgage to Mortgage Registration Systems, Inc. ("MERS"), nominee for the Lender and mortgagee. The mortgage was recorded on December 14, 2006. (Def.'s Mot., Ex. 2, Mortgage.) Plaintiff was notified on July 24, 2007 that America's Servicing Company ("ASC") would be servicing her loan. (Def.'s Mot., Ex. 4, ASC Welcome Ltr.)

### B. Assignment

On January 21, 2009, MERS assigned the mortgage on the Lake Shore property to Bank of America National Association (successor by merger to LaSalle Bank National Association), as Trustee for the Morgan Stanley Mortgage Loan Trust 2007-7AX (the

"Assignment").[1] (Pl.'s Resp., Ex. B, Assignment of Mortgage; Def.'s Mot., Ex. 3, Assignment.) That assignment was recorded on January 29, 2009.

### C. February 2011 – Plaintiff's Default on Mortgage Note

On February 3, 2011, Trott and Trott, the mortgage loan servicer's counsel, notified Plaintiff that she was in default on her mortgage loan and that it could be cured on or before March 5, 2011. (Def.'s Mot., Ex. 5, Notice of Default.) The notice included a detailed breakdown of the total indebtedness on the property which was $1,361,317.11 at that time. (*Id.*) Plaintiff failed to cure the default within that period.

### D. March 2011 – Notice to Plaintiff of Foreclosure and Published Notices of Foreclosure Sale

On March 23, 2011, the mortgage loan servicer's counsel notified Plaintiff again that she was in default on her mortgage loan and that the outstanding balance was $1,370,160.90. (Def.'s Mot., Ex. 6, Mar. 23, 2011 Ltr.) Plaintiff was informed that she could attempt to work out a loan modification arrangement to avoid foreclosure within 14 days of the notice, but she failed to do so. Consequently, the mortgage loan servicer's counsel initiated foreclosure by advertisement proceedings under Mich. Comp. Laws § 600.3201 et. seq. The mortgage loan servicer's counsel notified Plaintiff through published advertisements of the amount of indebtedness owed on the mortgage, the length of the redemption period, and that the property would be foreclosed by a sale of the mortgaged premises. (Def.'s Mot., Ex. 7, Affidavits of Publication.) On March 24, April 22, April 29, May 13, 2011, the mortgage loan servicer's counsel published notices

---

[1] US Bank subsequently became successor Trustee for the Morgan Stanley Mortgage Loan Trust 2007-7AX.

of the foreclosure sale in the Detroit Legal News and on April 29, 2011 also affixed a notice of the sale on the property. (*Id.*)

### E. Lake Shore Property Sold at Sheriff's Sale to US Bank

On September 21, 2011, US Bank purchased Plaintiff's mortgage at the Wayne County Sheriff's Sale for $1,429,132.91. (Compl. ¶13-14; Def.'s Mot., Ex. 7, Sheriff's Sale.) The last day on which Plaintiff could redeem the property was March 21, 2012 at the price of $1,429,132.91 plus interest and any additional amounts that may be added pursuant to Mich. Comp. Laws § 600.3240(4). (Def.'s Mot., Ex. 7, Sheriff's Sale.) Plaintiff failed to redeem the property by the close of the redemption period.

Plaintiff filed this lawsuit on March 20, 2012, one day before the six-month redemption period expired. Plaintiff seeks a declaration that her rights to the property are superior to those of Defendant US Bank. Plaintiff also seeks a permanent injunction barring Defendant from foreclosing on the property. Specifically, Plaintiff contends that US Bank had no right to foreclose under Mich. Comp. Laws § 600.3204(3) because it was not the mortgagee or holder of the note as evidenced by the chain of title. (Compl. at ¶¶9, 10, 11; Pl.'s Resp., at 3.)

## II. Standards of Review

### A. Rule 12(b)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver,* 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule

12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will… be a context specific task that requires the reviewing court to draw on its judicial expertise and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief. *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can provide the framework for a complaint, they must be supported by factual allegations. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing and ruling upon a motion to dismiss, a court may look to documents that are "not formally incorporated by reference or attached to a complaint," if the "document is referred to in the complaint and is central to the plaintiff's claims." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (citation omitted). A court's consideration of these documents does not convert the motion to dismiss into a motion for summary judgment. *Id.* (citation omitted).

**B. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

    (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### III. Analysis

**A. Plaintiff Cannot State a Claim for Quiet Title, Declaratory, or Injunctive Relief.**

Plaintiff requests a court order reversing the foreclosure sale, quieting title to the Lake Shore property, and a permanent injunction precluding Defendant from taking any further action against the property after it has been restored to her. Plaintiff, however, fails to state a claim for the relief she seeks. It is well established under Michigan law that "once the redemption period following foreclosure of a property has expired -- the former owner's rights in and title to the property are extinguished." *Luster v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012) (Rosen, C.J.) (citing cases). Because Plaintiff failed to timely exercise her

redemption rights, she cannot now collaterally attack any aspect of the foreclosure or the sheriff's sale. *See Overton v. Mortg. Elec. Registration Sys., Inc.,* No. 284950, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009). That Plaintiff filed her lawsuit a day before Michigan's six month redemption period expired does not toll her claims. *See id.*

Once the statutory redemption period expires, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Luster,* 2012 WL 124967 at *2 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). As the Michigan Court of Appeals observed in *Whitfield v. OCWEN Berkeley Fed. Bank & Trust,* No. 221248, 2001 WL 1699782, at *2 (Mich.Ct.App. Dec. 28, 2001), "the type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." Plaintiff alleges no facts and presents no evidence showing fraud in connection with the mortgage loan servicer's foreclosure by advertisement or the sheriff's sale. Rather, Plaintiff challenges an assignment to which she is not a party.

**B. Plaintiff Lacks Standing to Challenge the Assignment.**

It is undisputed that Plaintiff is not a party to the MERS assignment she challenges or that she owes the underlying mortgage loan obligation. Given that Plaintiff cannot establish any risk of having to pay the same debt twice, it is well-established under Michigan law that Plaintiff lacks standing to challenge the validity of an assignment which she is not a party. *See Yunanova v. BAC Home Loans Serv., LP*, No. 2:10-cv-14156, 2012 WL 441161, at *4 (E.D. Mich. Feb. 10, 2012) (citing cases and

observing that "Plaintiff, as a non-party to the assignment[ ] in question lacks standing to challenge such assignment[ ] as a basis of invalidating [the defendant]'s foreclosure.").

Plaintiff mistakenly identifies US Bank as the foreclosing entity when in fact ASC, the mortgage loan servicer, foreclosed on the mortgage. (Def.'s Mot., Ex. 6, Mar. 23, 2011 Ltr.) In *Residential Funding Co. v. Saurman*, 490 Mich. 909, 909 (Mich. 2011), the Supreme Court clarified that the Legislature's use of the phrase "interest in the indebtedness" "indicate[d] the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who . . . act as the servicing agent of the mortgage." Moreover, despite Plaintiff's claims to the contrary, there is no defect in the record chain of title that precludes the mortgage loan servicer from pursing foreclosure by advertisement under Michigan law. *See* Section 600.3204(1)(d). Publically recorded documents provided by both parties establish that MERS assigned Plaintiff's mortgage to the Trustee for the Morgan Stanley Mortgage Loan Trust 2007-7AX. That Trustee is currently US Bank. (Def.'s Mot., Ex. 3, Assignment.) Thus, a clear record chain of title exists for the mortgage and ASC, the mortgage loan servicer, was entitled to initiate foreclosure by advertisement on Plaintiff's mortgage because the statutory requirements were satisfied.

Furthermore, there is no statutory requirement to foreclosure by advertisement that the original note or the so called "wet-ink" mortgage be presented. Mich. Comp. Laws § 600.3204. *See Jozlin v. U.S. Bank Nat. Ass'n*, No. 11-12749, 2012 WL 12760, at *3 (E.D. Mich. Jan. 4, 2012) (observing that "the statute does not require a presentation of the original note or a 'wet ink' mortgage"). It is well settled under Michigan law that the holder of the mortgage and the holder of the debt need not be the

9

same entity. *Saurman*, 805 N.W.2d at 184 ("It has never been necessary that the mortgage should be given directly to the beneficiaries…[T]he trust and the beneficial interest need not be in the same hands." (internal quotations omitted)).

**IV. Conclusion**

    For the above stated reasons, Defendant's motion to dismiss is GRANTED.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: August 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2012, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager